# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40066
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO NAVAREZ REYES, also known as Tonio,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-252-7

Before BENAVIDES, DENNIS, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Antonio Navarez Reyes filed a 28 U.S.C. § 2255 motion challenging the sentence imposed upon his conviction for conspiracy to distribute and to possess with the intent to distribute methamphetamine and was sentenced to 188 months of imprisonment. The district court granted Navarez Reyes's § 2255 motion, vacated his sentence, and ordered resentencing. At the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40066

resentencing proceeding, the district court sentenced Navarez Reyes within the guidelines range to 151 months of imprisonment. He appeals.

Navarez Reyes argues that the district court plainly erred in imposing his sentence by failing to indicate that it had considered evidence of his postsentencing rehabilitative efforts, as required by *Pepper v. United States*, 562 U.S. 476 (2011). As he acknowledges, his failure to object on this ground in the district court results in plain-error review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

To show the requisite plain error, Navarez Reyes must demonstrate a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

Navarez Reyes has not shown that any error was clear or obvious because, though *Pepper* permits a district court to consider postsentencing rehabilitative conduct, it is not clear that *Pepper* mandates consideration of such conduct. *See Pepper*, 562 U.S. at 490; *United States v. Warren*, 720 F.3d 321, 326-27 (5th Cir. 2013). Moreover, given the permissible factors of 18 U.S.C. § 3553(a) relied upon by the sentencing court, Navarez Reyes cannot show that any error affected his substantial rights. *See United States v. Jones*, 444 F.3d 430, 438 (5th Cir. 2006).

Accordingly, the district court's judgment is AFFIRMED.